THE UNG WO SANG CO. *vs.* T. ALO and AH WA.

APPEAL FROM DECREE OF PRESTON, J.

APRIL TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The plaintiffs took a lease of certain rice lands from the defendants and others. The lease contained a covenant that the lessors would not buy or lease from the owners of kuleanas any kuleanas lying or being within the premises demised. After the execution of the lease one C. executed a lease to the defendants of a piece of land with a watercourse, from which the plaintiffs obtained water for irrigation, and said to be within the first demised premises.

The defendants leased the said land and watercourse to the plaintiffs for $200 a year.

The plaintiffs brought a suit to set aside such lease on the ground that the taking of the lease by the defendants from C. was in violation of their covenant, and should enure to the benefit of the plaintiffs.

Held (sustaining the decree appealed from) that on the evidence there had not been a breach of covenant, and the appeal was dismissed.

OPINION OF THE COURT, BY JUDD, C.J.

We refer to the opinion of Mr. Justice Preston for a statement of the pleadings in this case. The prayer for relief is based upon the allegation that the lessors (defendants) covenanted that they would not buy or lease from the owners of kuleanas any kuleanas lying or being within the premises demised.

Upon a careful examination of the testimony, we are of opinion that the lease, the making of which is alleged to be a breach of the covenant, negotiated by T. Alo with George Charman, and made to Ah Wa (T. Alo's son), was really made and executed on the 11th November, 1881, which was prior to the lease in question from defendants to plaintiffs (26th October, 1882). The testimony of Mr. Charman is, that the date of the copy of the lease produced by him was changed from 1881 to 1882, and the term altered from 16 years to 15 years, because

the copy of the lease given to Alo in 1881 had become mutilated or effaced by wetting, and he made them a new lease corresponding with his duplicate, as one year had then expired. The copy annexed to Mr. Charman's deposition substantiates his testimony.

But it is claimed at the argument that if, at the date of making the lease in question, defendants were then in possession of the water right by virtue of Charman's lease, the defendants have made it parcel of the premises leased to plaintiffs.

The lease of the land which contains this water right was assigned to the plaintiffs by defendants by a writing without date, but acknowledged on the 25th November, 1882; and the plaintiffs allege that they took this assignment in ignorance of their rights, which ignorance we presume was of the alleged fact that the right was procured from Charman subsequent to the covenant in question.

There is no allegation in the bill that this Charman kuleana with the water right was made by defendants parcel of the demised premises, or that the water was appurtenant thereto. We understand that it was claimed in the prior bill that the said water right was appurtenant to the demised premises, and that the ditch was an ancient one, and upon hearing, this was found by the Court to be otherwise, and the bill dismissed. The claim that the Charman lease was a breach of the covenant, because made subsequent to the lease in question, is inconsistent with the claim that it was in existence at the time of the lease, and therefore formed a part of the demised premises.

We are, therefore, led to the conclusion that the decree appealed from, dismissing the bill, was right and should be affirmed.

*A. S. Hartwell*, for plaintiffs.
*Paul Neumann*, for defendants.

---

### DECISION OF PRESTON, J., APPEALED FROM.

This suit is brought by certain Chinese carrying on business as rice planters on the Island of Kauai, under the name of the Ung Wo Sang Company, against T. Alo and Ah Wa.

The bill alleges in substance that Tong Chan, Pac Kanah and the defendant Alo, as father and natural guardian of the defendant Ah Wa (Tong Wa), a minor, demised certain lands at Waipa, on the Island of Kauai, to Kwai Hee and Gee Chan (on behalf of the plaintiff company) for a term of fifteen years from the first day of November, 1882, at an annual rental of $1350, and that the lessors, by such lease, covenanted that they would not buy or lease from the owners of kuleanas any kuleanas lying or being within the premises demised by said lease. That afterwards, to wit: on the 6th November, 1882, the defendant Alo obtained from one Charman a lease for the term of fifteen years from the 11th November, 1882, at a yearly rental of $20, of certain land lying wholly or in part within the premises demised under the first mentioned lease, and avers that the taking of the said lease from Charman was a violation of the said covenant. That within the premises demised by said lease from Charman is a valuable watercourse whereby the premises demised to plaintiffs necessarily obtain water for irrigation, and which said watercourse, together with the water-right belonging thereto, plaintiffs were, at the time of taking their aforesaid lease, informed by their said lessors was demised unto them as appurtenant to the demised premises. That subsequently plaintiffs ascertained that said water-right would be taken from them, and that they could enjoy the use thereof only by taking from defendant Alo an assignment thereof for an annual rental of $200, and accordingly, and in ignorance of their rights in the premises, plaintiffs, on the 25th November, 1882, took from said Alo a lease of said water-right for fifteen years from the first of said month at an annual rental of $200, which rent, amounting to $600, had been paid until the 1st of November, 1886. That on the 24th February, 1887, Alo brought suit in the District Court of Hanalei against plaintiffs for the sum of $200 for one year's rent under said last-mentioned lease and obtained judgment therefor, which judgment was affirmed on appeal, and that execution thereon had been issued. That plaintiffs have requested defendant to accept a surrender and

cancellation of said lease of said water-right, and to repay to the plaintiffs the sum of $600 less the rentals accrued in said lease from Charman, and to assign to plaintiffs said lease, subject to their covenant to pay the rental and to do all things therein required of the lessee, and to cause said execution to be stayed, and a retraxit of said judgment to be entered, with all of which the defendants have declined to comply.

The bill prays that defendant be ordered to accept such surrender and cancellation of said lease of said water right, and to repay to plaintiffs said $600 less the moneys paid to Charman for rent, and to assign to plaintiffs said lease from Charman subject as aforesaid, and in the meanwhile that defendant be decreed to be trustee for the plaintiffs of said lease, and for an order on the Sheriff to stay execution, plaintiff paying into Court the sum of $250 as security; also for alternative relief and for an injunction restraining proceedings at law, etc.

An interlocutory injunction was granted in terms of the prayer.

The defendants by their answer, after traversing several of the allegations, in the bill, say that at the time said lease of October 26th, 1882, was granted to plaintiffs, the rent demanded was $1600 per annum, but that it was subsequently agreed that the rent should be reduced to $1350, and that the rent for the water right belonging to defendant Alo should be paid for separately. That, in consequence of said agreement, the lands mentioned in the lease of 22d October, 1882, were rented for said sum of $1350 per annum, and the lease entered into between Alo, who was the sole owner of the water right, and the plaintiffs, whereby they agreed to pay to said Alo $200 per annum for the use of the water-right appurtenant to the land of Charman. That before the lease was entered into (that of 26th October, 1882), to wit: in November, 1881, the defendant Alo was in the rightful and peaceable possession of the land of Charman and its appurtenances under a lease executed by Charman which was, by accident, mutilated and effaced, and for that reason only a new instrument was made out for the

remainder of the term created by said lease, and that the covenant relied upon could not and did not relate to the lands so leased by the defendant from Charman.

At the hearing, evidence was given by the defendants in support of their alleged agreement for the division of the rent into two sums; but this was contradicted by witnesses on behalf of the plaintiffs, and the discrepancies between the two cannot be reconciled, but the evidence of Charman proves the allegations of the defendant as to the existence of the prior lease of November, 1881, and the reasons for making the second lease, which is claimed to be in violation of the covenant.

This testimony of Charman appears to be contrary to the evidence given by him in a prior suit between the parties, but is explained by his statement that he was not examined as to this matter particularly; but it is confirmed by the production of a copy of the lease of 1881.

Upon a consideration of the whole case, I am of opinion that the plaintiffs have not made out their allegations in the bill, and that the bill be dismissed, the injunction dissolved and the amount of the judgment and costs incurred in respect of the execution to be paid to the defendants out of the money deposited in Court.

As I am of opinion there were reasons for bringing this suit, each party must pay his own costs.